IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELIX CRUZ )
    Plaintiff, )
)
)
) Case: 1:15-cv-01977
vs. ) Assigned To : Collyer, Rosemary M.
) Assign. Date : 11/6/2015
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEY) Description: FOIA/Privacy Act (I Deck)
    Defendant. )

COMPLAINT UNDER FREEDOM OF INFORMATION ACT SEEKING
DISCLOSURE OF GOVERNMENTAL RECORDS

    This is a suit brought under the Freedom of Information Act (5 U.S.C. §§ 552 and 522a) to compel disclosure to the Plaintiff of the documentary evidence and documentary memorialization of statements and testimony given, that the information presented within paragraphs two (2), three (3), six (6), seven (7), eight (8), nine (9), ten (10), eleven (11), and twelve (12) of the Presentence Investigation Report of my criminal case within the District of the United States of the Virgin Islands.

    Plaintiff is an inmate within the Federal Bureau of Prison, currently, housed within the United States Penitentiary, Coleman #1, with his Principal place of business in Coleman, Florida. Operating under the Laws of the Federal Government.

    The Executive Office for the United States Attorney, Freedom of Information & Privacy Staff, is made a Defendant in his official capacity. Service on the defendant may be made under the Provisions of 5 U.S.C. § 702.

**RECEIVED**

OCT 23 2015

Clerk, U.S. District and
Bankruptcy Courts

## Jurisdiction and Venue

This court had subject matter jurisdiction of this action under the Freedom of Information Act and Particularly 5 U.S.C. §§ 552 and 552(a)(4)(B).

In addition, because the claim arises by virtue of the Act, it arise under the laws of the United States and the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B), because the matter files of the documents containing the information sought by the Plaintiff under the act are located within this District.

## Claim for Relief

On April 29, 2015, Plaintiff composed a written **Request** pursuant to the Act on the Director for the Executive Office for United States Attorneys, Freedom of Information/Privacy Act Unit, for the evidences pertaining to myself myself, which the Probation Officer relied upon to determine the follow:

Count 1 (Conspiracy to Interfere With Commerce by Threats of Violence)

1. At all times materials to this Third Superseding Indictment, Wendy's Restaurant was engaged in retail fast food sales in interstate and foreign commerce and in an industry that affects interstate and foreign commerce.

2. On or about April 17, 2004, on St. Croix in the District of the Virgin Islands and elsewhere, the defendants,

>    REINALDO BERRIOS, aka Rey, aka Little Rey,
>    FELIX CRUZ, aka Pipon, aka Bugsy,
>    TROY MOORE, aka C Murder, aka Murder,
>            and
>    ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

did knowingly and willfully combine, conspire, confederate, Grand Jury, to obstrut, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms commerce and robbery

are defined an Title 18, United States Code, Section 1951(b) (1) and (b) (3), in that the defendants planned to take personal property of Wendy's Restaurant from the person and presence of one or more employees of Wendy's Restaurant, against the will of said employees by means of actual and threatened force, violence, and fear of injury to the person of said employees, in violation of Title 18, United States Code, Section 1951(a).

**Count 2 (Attempted Interference With Commerce by Threats or Violence)**

1. At all times material to this Third Superseding Indictment, Wendy's Restaurant was engaged in retail fast food sales in interstate and foreign commerce and in a an industry that affects interstate and foreign commerce.

2. On or about April 17, 2004, on St. Croix in the District of the Virgin Islands and elsewhere, the defendants,

> REINALDO BERRIOS, aka Rey, aka Little Rey,
> FELIX CRUZ, aka Pipon, aka Bugsy,
> TROY MOORE, aka C Murder, aka Murder,
>         and
> ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

did knowingly and willfully attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951 (b) (1) and (b) (3), in that the defendants planned to take personal property of Wendy's Restaurant, against the will of said employees by means of actual and threatened force, violence and fear of injury to the person of said employees, in violation of Title 18, United States Code, Sections 1951 (a) and 2.

**Count 5 (First Degree - Felony Murder)**

On or about April 17, 2004, on St. Criox in the District of the Virgin Islands, the defendants,

> REINALDO BERRIOS, aka Rey, aka Little Rey,

(3)

        FELIX CRUZ, aka Pipon, aka Bugsy,
        TROY MOORE, aka C Murder, aka Murder,
                  and
        ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

with malice aforethought, did unlawfully kill Cuthbert Chapman, a human being, while engaged in the attempted perpetration of a robbery of a Wendy's Restaurant, which caused the death of Cuthbert Chapman on or about April 26, 2004: in violation of Title 14, Virgin Islands Code, Sections 922 (a) (2) and 11.

**Count (Causing the Death of a Person Through the Use of a Firearm)**

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the defendants,

        REINALDO BERRIOS, aka Rey, aka Little Rey,
        FELIX CRUZ, aka Pipon, aka Bugsy,
        TROY MOORE, aka C Murder, aka Murder,
                  and
        ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

did knowingly carry and use one or more firearms, during and in relation to, and did possess one or more firearms in furtherance or, a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Interference with Commerce by Violence, in violation of Title 18, United States Code, Section 1951 (a), as alleged in Count Two of this Third Superseding Indictment, in violation of Title 18, United States Code, Section 924 (c) (1), and in the course of this violation caused the death of a person through the use of one or more firearms, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Cuthbert Chapman in an attempt to perpetrate a robbery, which caused the death of Cuthbert Chapman on or about April 26, 2004; all in violation of Title 18, United States Code, Sections 924 (j) (1) (formerly 924 (i) (1)) and 2.

Count 7 (Unauthorized Use of a Firearm During a Crime of Violence)

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the Defendants,

>REINALDO BERRIOS, aka Rey, aka Little Rey,
>FELIX CRUZ, aka Pipon, aka Bugsy,
>TROY MOORE, aka C Murder, aka Murder,
>    and
>ANGEL RODRIGUEZ, aka Malungo, aka Dungo.

did possess a firearm without authorization of law, during the commission of a crime of violence, to wit: murder; in violation to Title 14, Virgin Islands Code, Section 2253 (a) and 11.

Court 8 (Attempted Carjacking)

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the defendants,

>REINALDO BERRIOS, aka Rey, aka Little Rey,
>FELIX CRUZ, aka Pipon, aka Bugsy,
>TROY MOORE, aka C Murder, aka Murder.
>    and
>ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

with the intent to cause seriously bodily harm, did attempt to take a motor vehicle, to wit, a Honda Accord, that had been transported, shipped, and received in interstate and foreign commerce, from the person and presence of another by force, violence and intimidation; in violation of Title 18, United States Code, Section 2119 (1) and 2.

Count 9 (Use of a Firearm During a Crime of Violence)

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the defendants,

>REINALDO BERRIOS, aka Rey, aka Little Rey,
>FELIX CRUZ, aka Pipon, aka Bugsy,
>TROY MOORE, aka C Murder, aka Murder,
>    and
>ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Carjacking as alleged in Count Eight of this Third Superseding Indictment, and did possess a firearm in furtherance of such crime; in violation of Title 18, United States Code, Sections 924 (c) (1) (A) (i) and (ii) and 2.

Count 10 (Carjacking)

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the defendants,

> REINALDO BERRIOS, aka Rey, aka Little Rey,
> FELIX CRUZ, aka Pipon, aka Bugsy,
> TROY MOORE, aka C Murder, aka Murder,
>         and
> ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

with the intent to cause seriously bodily harm, did take a motor vehicle, to wit, a Toyota Echo, that had been transported, shipped, and received in interstate and foreign commerce, from the person and presence of another by force, violence and intimidation; in violation of Title 18, United States Code, Section 2119 (1) and 2.

Count 11 (Use of a Firearm During a Crime of Violence)

On or about April 17, 2004, on St. Croix in the District of the Virgin Islands, the defendants,

> REINALDO BERRIOS, aka Rey, aka Little Rey,
> FELIX CRUZ, aka Pipon, aka Bugsy,
> TROY MOORE, aka C Murder, aka Murder,
>         and
> ANGEL RODRIGUEZ, aka Malungo, aka Dungo,

did knowingly use, carry and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court or the United States, to wit: Carjacking as alleged in Count Ten of this Third Superseding

Indictment, and did possess a firearm in furtherance of such crime; in violation of Title 18, Unite States Code, Section 924 (c) (1) (A) (i) and (ii) and 2.

By letter, dated May 19, 2015, in respond to my FOIA request, the governments asserted, "in response to your Freedom of Information/Privacy Acts (FOIA) request to the Executive Office for United States Attorney's records were located which originated with the FBI, this material was referred to the FBI for direct response to you."

Furthermore, "the material you requested is located in an investigative file, which is exempt from disclosure Pursuant to Title 5, United States Code, §§ 552/552a, subsection (b)(7)(A), (j)(2). For an explanation of this exemption see enclosed form. Pleases note if this file is reviewed under the FOIPA in the future, additional exemptions may be applied at that time." **(See Exhibit A and B)**

By letter, dated June 17, 2015, Plaintiff submitted a letter as an appeal of EOUSA's determination in the above reference letter that in contrary to my FOIA **Request** seeking evidence from my criminal files pertaining to myself.

Whereas, Plaintiff maintains that this exemption should not applied to him, because the evidence **requested** for was utilized and testified during open court, therefore, can not be exempt. **(See Exhibit C)**

July 23, 2015, Plaintiff received a letter advising me that my administrative appeal from the action of the Federal Bureau of Investigation was accepted by this Office on July 1, 2015.

As quoted, "the Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned

number **AP-2015-04741**. Please mention this number in any future correspondence to this Office regarding this matter. **(See Exhibit D)**

On August 17, 2015, my appeal was affirmed. It was said, "After carefully considering your appeal, I am affirming the FBI's action on the records referred to it. In order to provide you with the greatest possible access to responsive records, the referred records were reviewed under both the Privacy Act of 1974 and the Freedom of Information Act. I have determined that the records responsive to your request are exempt from the access provision of the Privacy Act. See 5 U.S.C. § 522a(j)(2); see also 28 C.F.R. § 16.96 (2014). For this reason, I have reviewed your appeal under the FOIA."

On top on that, "The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected in interfere with enforcement proceedings. **(See Plaintiff Exhibit E)**

Plaintiff maintained that the evidence he **Requested** was testimony testified to during open court and can not be exempt. Hence, the government violated my rights and the Department of Justice Regulations by failing to comply with my FOIA request.

Furthermore, Plaintiff contends, for the record, that he did not requested copies of privileged communications, and certain law enforcement activities, and that there was no basis for withholding the evidence responsive

to his request, or information to obtain summary of judgment on the issue of the adequacy of the search under the Freedom of Information Act. Moreover, no showing of good faith effort to conduct a thorough search for the evidence requested, utilizing methods, which can be reasonably expected to produce the information was employed by the government.

Plaintiff has been aggrieved and damaged by the action or inaction of the government inaction or failure to act in their official capacity by refusing my written request for disclosure of information under the act.

Consequently, Plaintiff has complied and have exhausted his administrative remedies to compel disclosure of such information.

The information sought by Plaintiff in his request is not exempt from disclosure under the Freedom of Information Act, nor on the grounds cited by the government because this information is not of a "Commercial nature" within the meaning of 39 U.S.C. § 412, or a secret of law enforcement, concerning their techniques, nor a sensitive and/or classified matter of national security.

The information sought by the Plaintiff cannot be compiled independently by the Plaintiff, and unless this court grants the relief requested and com pels disclosure, the Plaintiff has no remedy at law or otherwise.

In addition, the refusal of Plaintiff's request makes it evident that the defendants intend to deny all future requests for similar information relating to other Offices of the United States Attorney and/or United States Probation Offices.

Under the Freedom of Information Act, the Plaintiff is entitled to:

    a. An injunctive order compelling the Defendants to disclose the information sought by the Plaintiff's request.

    b. A declaratory judgment against the Defendants declaring that similar in formation pertaining to all other United States Attorney and United States Probation Offices is diclosable under the Freedom of Information Act and not exempt on the grounds claimed by defendants in response to Plaintiffs's request.

Plaintiff further seeks judgment against defendants for reasonable attorney's fees and his costs of litigation, which it has and will reasonably incur in this case.

### Prayer

A.    The defendants be enjoined to disclosure to the Plaintiff of the documentary evidence and documentary memorialization of statements and testimony given, that the information presented within paragaphs two (2), three (3), six (6), seven (7, eight (8), nine (9), ten (10), eleven (11), and twelve (12) of the Presentence Investigation Report of his criminal case within the District of the Virgin Islands, Division of St. Croix, the master file fo which is held by the Executive Office for United States Attorneys;

B.    The court render a declatory judgment against the defendants declaring that the documentary evidence and documentary memorialization of statements and testimony given that is the basis of paragraph (2), (3), (6), (7), (8), (9), (10), (11), and (12) of the Plaintiff's Presentence Investigation Report in his criminal case is nonexempt and subject to disclosure on written request under the Act:

C.    The court award judgment against the defendants for the Plaintiff's reasonable attorney's fees and cost of litigation reasonably incurred by Plaintiff in this case;

D.    The court grant Plaintiff all other and further relief to which the Plaintiff may be justly entitled.

        Dated: October /4, 2015.

        By: _____.
            Felix Cruz, #57593-004, pro se

## CERTIFICATE OF SERVICE

This Certificate of Service here by certifies that the foregoing true, correct, and verified a copy of "COMPLAINT UNDER FREEDOM OF INFORMATION ACT SEEKING DISCLOSURE OF GOVERNMENT RECORDS" was mailed to the below listed address for service, this _16_ day of October 2015, via certified Mail.

UNITED STATES DISTRICT COURT
For the District of Columbia
333 Constitution Ave, N.W.
Washington, DC 20001

Respectfully Submitted,

_Felix Cruz_
Felix Cruz
Reg. No. 57593-004
FCC Coleman USP #1
PO Box 1033
Coleman, Fl 33521