**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FELIX CRUZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civ. Action No. 15-1977 (RMC)** |
| | ) |
| **EXECUTIVE OFFICE FOR** | ) |
| **UNITED STATES ATTORNEYS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Felix Cruz, appearing *pro se*, brought this lawsuit under the Freedom of

Information Act (FOIA) "to compel disclosure . . . of the documentary evidence and

documentary memorialization of statements and testimony given [regarding certain paragraphs]

of the Presentence Investigation Report of my criminal case."  Compl. [Dkt. 1] at 1.  Defendant

Executive Office for United States Attorneys (EOUSA), to which Mr. Cruz addressed his request

in April 2015, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure.  *See* Mot. [Dkt. 25].  Mr. Cruz has not filed an opposition by the latest deadline

of May 19, 2017, despite having been warned that his failure to respond timely, and in

accordance with Rule 56, might result in the Court's entering judgment for EOUSA on its

undisputed factual assertions.  *See* Order [Dkt. 26].  In addition, Mr. Cruz has not requested

additional time to respond.  Accordingly, the Court will grant EOUSA's motion for the following

reasons.

In summary judgment proceedings, the Court may grant a properly supported

motion "if the movant shows [through facts supported in the record] that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). In doing so, the Court "should state on the record the reasons for granting . . .

the motion." *Id*. Summary judgment is the frequent vehicle for resolution of a FOIA action

because the pleadings and declarations in such cases often provide undisputed facts on which the

moving parties are entitled to judgment as a matter of law. *McLaughlin v. DOJ*, 530 F. Supp. 2d

210, 212 (D.D.C. 2008) (citations omitted). Agencies may rely on affidavits or declarations of

government officials, as long as they are sufficiently clear and detailed and submitted in good

faith. *Id*. (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The

Court may award summary judgment solely on the basis of information provided in such

affidavits or declarations when they describe "the documents and the justifications for

nondisclosure with reasonably specific detail . . . and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*,

656 F.2d 724, 738 (D.C. Cir. 1981).

Under 56(e), "[i]f a party fails to . . . properly address another party's assertion of

fact as required by Rule 56(c), the court may: (1) give an opportunity to properly . . . address the

fact; (2) consider the fact undisputed . . . [or] (3) grant summary judgment if the motion and

supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Mr. Cruz

has had opportunities to address EOUSA's asserted facts, which are properly supported by the

Declarations of David Luczynski and David M. Hardy and accompanying exhibits. *See*

Declaration of David Luczynski [Dkt. 25-2] ¶¶ 5-15; Declaration of David M. Hardy [Dkt. 25-2].

Moreover, Mr. Cruz's complaint is premised on EOUSA's decision to withhold records solely

under FOIA Exemption 7(A), but that decision has been rendered moot by the actions for which

EOUSA now seeks summary judgment.

EOUSA has shown that it properly referred responsive pages to the agency

components from which the pages originated and, as a result, thousands of responsive pages have

been released to plaintiff in whole or in part, with certain information withheld under FOIA

exemptions 3, 5, 6, and various subparts of exemption 7. *See* EOUSA Stmt. of Material Facts

[Dkt. 25-1] ¶¶ 14-30; 28 C.F.R. § 16.4(d) ("Consultation, referral, and coordination" duties).

Based on the summary judgment record, the Court finds that EOUSA has satisfied its obligations

under the FOIA and, in the absence of any contravening evidence, is entitled to judgment as a

matter of law. A memorializing order accompanies this Memorandum Opinion.


Date: September 26, 2017 _____/s/_____
ROSEMARY M. COLLYER
United States District Judge